**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN GOMEZ LOPEZ, | Civil Action No. 26-5209 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Jonathan Gomez Lopez's habeas petition (ECF No. 1) and motion seeking a temporary restraining order (ECF No. 2) challenging his ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition (ECF No. 8), to which Petitioner replied. (ECF No. 9.) For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Honduras who most recently crossed the southern border without admission or inspection in April 2022. (ECF No. 8-2 at 1.) Petitioner was encountered by border patrol agents shortly thereafter, and briefly taken into custody before being released on his own recognizance into the United States pending removal proceedings. (*Id.* at 2.) Petitioner was also enrolled in a weekly reporting program. (*Id.* at 3.) Petitioner remained at liberty thereafter in the United States until May 2, 2026, when he was arrested by immigration officials pursuant to an administrative warrant. (*Id.*) Petitioner has remained in custody without bond since that arrest. (*Id.*) Petitioner has "no criminal history." (*Id.*)

1

The Government argues in this matter that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 8.)  The Government recognizes, however, that its position "relies on the same statutory-interpretation arguments," (ECF No. 8 at 3), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and has remained in the United States for several years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful.  *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural

2

protections available to aliens under § 1226(a), including a proper bond hearing at which release

on bond is a live possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed
> application of § 1225(b)(2) by converting Petitioner's detention into
> a potentially lawful alternate form under a different statute with
> different procedural requirements and rules.  This is especially so in
> light of the Government's . . . continued employment of an oft
> rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4.
> Because the Government has only sought to detain Petitioner under
> 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention
> under that statute, and as that statute clearly does not apply to
> Petitioner, the Government [must] release Petitioner from custody
> immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government

shall release Petitioner immediately.  Petitioner's motion seeking a temporary restraining order

(ECF No. 2) shall be denied as moot in light of the granting of his petition.  An order consistent

with this Memorandum Opinion will be entered.

Date: May 21, 2026

                                        s/ Zahid N. Quraishi
                                **ZAHID N. QURAISHI**
                                **UNITED STATES DISTRICT JUDGE**

3